## CLARK & COURTS V. GREER COUNTY.

### (Filed Aug. 25, 1899.)

COUNTIES—*Claims—Authority to Allow.* Under the laws of Oklahoma, defining the duties and prescribing the powers of boards of county commissioners and county treasurers, there is no authority existing for the allowance or payment of obligations of Greer county, Texas, for which Greer county, Oklahoma, may be liable. Until there is additional legislation, the remedy of the holders of such obligations is by prosecuting such obligations to final judgment in some of the courts having jurisdiction, and then procure a levy of taxes to pay such judgment, or, by agreement with the county board, procure judgment bonds to be issued in settlement of such judgments.

(Syllabus by the Court.)

*Error from the District Court of Greer County; before B. F. Burwell, District Judge.*

*Duncan G. Smith,* for plaintiff in error.

*J. F. Matthews, County Attorney,* and *J. A. Powers,* for defendant in error.

Clark & Courts appeal to the district court from an order of the county board disallowing their claim against Greer county. From a judgment vacating the order of disallowance and dismissing the appeal, plaintiff brings error. Affirmed.

Opinion of the court by

BURFORD, C. J.: During the period that Greer county was under the jurisdiction of the state of Texas, the county purchased from Clark & Courts, a corporation,

the plaintiff in error in this case, certain supplies for the use of the county and its officers. The account for these supplies covers the period from 1888 to 1892. Properly itemized accounts were presented to the board of county commissioners during these years, and said accounts were audited, allowed, and ordered paid. County warrants were duly issued, delivered, and registered, and are now held by plaintiff in error, and are unpaid. On April 1, 1897, and after Greer county had been duly organized as Greer county, Oklahoma, the plaintiff in error filed with the county clerk for allowance by the board of county commissioners the several county warrants held by it against Greer county, Tex., and also presented with the same original itemized accounts for goods sold and delivered, and on which said warrants had been issued. The county board, at its July session, 1897, disallowed the claim, and the plaintiff in error appealed to the district court. The district court vacated the order of disallowance, and dismissed the action, upon the grounds that the board of county commissioners had no authority to either allow or disallow said claim, and from the judgment dismissing the cause this appeal is prosecuted.

But one question is presented for our consideration, viz.: Is the plaintiff in error pursuing the proper remedy for the collection of its demand? The political status of Greer county, both before and after its organization as a municipal county government under the laws of Oklahoma, is fully set forth in former cases decided by this court. (*Cullins v. Overton*, 7 Okla. 470, 54 Pac. 702. *Sweet v. Boyd*, 6 Okla. 699, 52 Pac. 939.)

It is contended by counsel for plaintiff in error that the board of county commissioners, under the constitution

and laws of the state of Texas, is a court with judicial powers, and that its allowance of the claims under consideration constitutes a judgment against Greer county, Texas. If this is a correct statement of the law as to the power and authority of. such boards under the laws of Texas, then their judgments come within the rule laid down in *Cullins v. Overton*, 7 Okla. 470, 54 Pac. 702. The boards of county commissioners in this Territory are not courts, nor are they judicial bodies, in the sense that their judgments are conclusive. In Texas the rule may have been different.

Our statutes make specific provision for the manner of presentation, allowance, and payment of demands against a county. The board is required to make specific levies of taxes for each particular fund, and to allow and order the payment of claims out of such funds as they are properly chargeable against. The board is prohibited from making any levy for purposes other than those mentioned in the statute. The county treasurer is prohibited from paying out any of the funds of the county, except upon a warrant duly issued and signed by the county clerk and chairman of the board of county commissioners, or upon an order of court, in certain specific instances. The Greer county warrants held by plaintiff in error are not drawn in the manner provided by our statute, nor are they payable out of any fund authorized by our statute. The county treasurer has no fund out of which such warrants can be paid. The obligations of Greer county, Texas, for which Greer county, Oklahoma, is liable, if there are any such, are a proper subject for legislative action. The county board or some other tribunal should be authorized to determine the amount and char-

acter of same, and make tax levies to raise revenues for paying the same. But, in the absence of such legislation, an examination of our various statutory provisions fails to disclose any authority for paying this class of obligations, if any exists.

It is clear to us that if any obligation rests upon Greer county, Oklahoma, to liquidate this class of obligations, it is by virtue of the warrants now held by plaintiff in error, and the action of the Greer county, Texas, board in auditing, allowing, and ordering the same paid by the county, and as controlled by the act of congress approved. May 4, 1896, (29 Stat. 113, 114.)

Under our statutes, the original accounts appear on their face to be barrred by the statute of limitations, and, unless there is some exception to take them out of the general rule, an action cannot be maintained on the original accounts. The board of county commissioners have no authority to allow a claim which has passed into a county warrant, and issue a second warrant for the same demand. If Greer county, Oklahoma, is liable for this class of obligations or demands, then our statute makes no specific provision for their allowance or payment, and the county boards, under their powers conferred by our statutes, have no power to deal with them, and, until we have additional legislation, the only remedy available for the holders of such demands is by suit in some of the courts having jurisdiction of the amount in controversy, and, after judgment, procure a levy of taxes, under the provisions of our statute for paying judgments, or, by agreement with the county board, have such judgments converted into county bonds, as is now authorized by our laws.

In our opinion there was no error in the ruling and judgment of the district court. The judgment of the district court of Greer county is affirmed, at costs of plaintiff in error.

Burwell, J., having presided in the court below, not sitting; all of the other Justices concurring.